UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JENNIFER LANAY WASHINGTON,

Defendant.

______________________________/

Case No. 2:24-cr-20456

Hon. Susan K. DeClercq
United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS FOR JUDICIAL RECOMMENDATION HOME CONFINEMENT (ECF No. 33), FOR SENTENCE REDUCTION (ECF No. 34), AND TO REDUCE PRISON SENTENCE TO HOME CONFINEMENT (ECF No. 41)**

On May 7, 2025, Defendant Jennifer Lanay Washington pleaded guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of making a false statement in connection with a bank loan in violation of 18 U.S.C. § 1014. ECF No. 15. Under the terms of her plea agreement, six other counts of wire fraud originally charged in the Information were dismissed. *Id*. Defendant was ultimately sentenced to 24 months incarceration and ordered to pay $636,431.85 in restitution to seven individual victims. ECF No. 32. Defendant is currently housed at FCI Waseca in Minnesota. *See* ECF No. 33 at PageID.259.

Currently before this Court are three motions filed by Defendant seeking relief from her current sentence. The first *pro se* motion seeks a judicial recommendation for the Bureau of Prisons to use its discretion to release her to home confinement. ECF No. 33. The second *pro se* motion seeks a reduced sentence based on changes to the sentencing guidelines. ECF No. 34. The third motion, filed through an attorney, seeks compassionate release due to her medical condition of uterine fibroids. ECF No. 41. For the reasons set forth below, all three motions will be denied.

## I. COMPASSIONATE RELEASE

Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court … may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); *see* ECF No. 41. As the statute sets forth, a district court can "reduce [a prisoner's] term of imprisonment" when the prisoner makes three showings: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with [the Sentencing Commission's] applicable policy statements"; and (3) "the factors set forth in § 3553(a)" support the reduction.

18 U.S.C. § 3582(c)(1)(A); *United States v. Hall*, 179 F.4th 504, 508 (6th Cir. 2026). These three inquiries will be addressed in turn.

**A. Extraordinary and Compelling Reasons**

In 2023, the Sentencing Commission promulgated an applicable policy statement on "extraordinary and compelling." U.S.S.G. § 1B1.13(b). The Commission explained that "[e]xtraordinary and compelling" reasons existed in six circumstances, "or a combination thereof." *Id.* Two reasons are relevant in this case: this first is "Medical Circumstances," such as a terminal illness or a serious condition that a prison can't treat. *Id.* § 1B1.13(b)(1). The second is "catch-all" provision for "Other Reasons" justifying release. *Id.* § 1B1.13(b)(5).

Defendant argues that the symptoms that she suffers as a result of her uterine fibroids—specifically heavy bleeding and pain during menstruation—plus the health inequities faced by women of color, are extraordinary and compelling reasons for reducing her remaining sentence to a term of home incarceration so that she can obtain a hysterectomy from a private surgeon and recover at home. *See* ECF No. 41 at PageID.304–05. This, however, does not meet any of the medical-based grounds outlined by the Sentencing Commission. U.S.S.G. § 1B1.13(b)(1).

Although this Court has no doubt that Defendant would be more comfortable with her own gynecologist performing her hysterectomy, there is no proof that she could not obtain such a surgery competently through the Bureau of Prisons. In fact,

she has been offered the surgery by the BOP, but declined it. ECF No. 39 at PageID.293; ECF No. 34, Exhibit 2 (sealed). There also is nothing in her medical records that suggests that she must have this surgery performed immediately. True, her symptoms may not dissipate without surgery, but there is no evidence that this surgery is urgent, or that she will suffer serious complications or worsening consequences if the surgery is delayed.

Moreover, the BOP has been adequately managing Defendant's symptoms. Care for even the most serious symptom—her need for blood transfusions—has been provided to Defendant at hospitals as needed. *See, e.g.*, ECF No. 41-2 at PageID.328. Thus, even coupled with her existing co-morbidities and declining mental health, Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction.

**B. Section 3553(a) Factors**

Because this Court does not find that Defendant presents extraordinary and compelling circumstances, it need not address the 18 U.S.C. § 3553(a) factors. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (holding that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." (citation omitted)).

Nonetheless, those factors would not qualify Defendant for relief. Defendant admits that her conviction is serious. ECF No. 41 at PageID.313. She perpetrated a sophisticated Ponzi scheme, bilking more than 10 foreign investors of over $600,000 by lying to them about purchasing residential real estate in the city of Detroit. *See generally* ECF No. 1. These victims were not corporations or individual moguls—they were ordinary people who had their life savings stolen from them. As aptly described by one victim:

> I have been working as an average employee and this amount represents a very significant part of my life time savings. As I am now retired, I miss this money to improve my living standards. The psychological damage is also tremendous. The harsh feeling of having been betrayed by this person led me to a severe depression that took more than three years for me to get out.

ECF No. 18 at PageID.89.

Moreover, Defendant has served only eight months out of her 24-month sentence. Although she was sentenced in October 2025, she delayed her prison reporting date until February 9, 2026, to allow her time to deal with this very medical condition. ECF Nos. 29; 31. Accordingly, Defendant's motion will be denied.

## II. JUDICIAL RECOMMENDATION

Defendant also asks this Court to make a recommendation to the BOP that it allow Defendant to serve out the rest of her sentence in home confinement. ECF No. 33. However, this Court declines to do so.

Once a judge imposes a sentence, responsibility for implementing it shifts to the BOP—including by determining where to house the convicted defendant. *See* 18 U.S.C. § 3621. Although district judges often do (and should) make recommendations about a defendant's placement *at* sentencing, whether a district court retains authority to make recommendations *after* sentencing is more opaque. *See United States v. Glass*, No. 5:23-cr-24, 2026 WL 1947632 (W.D. Ky. July 6, 2026) (holding that post-sentencing judicial recommendations regarding inmate placement is an inappropriate infringement on executive branch authority). In any event, without weighing in on this separation of powers controversy, this Court declines to make a recommendation to the BOP regarding Defendant's placement for the same reasons that it finds that compassionate release is not warranted.

**III. CHANGE IN SENTENCING RANGE**

Finally, Defendant also moves for a reduction in her sentence based on 18 U.S.C. 3582(c)(2), which allows a court to modify a sentence if the sentencing range has been subsequently lowered by the Sentencing Commission. ECF No. 34. Defendant argues that because her restitution amount was lowered from $1.2 million to $636,431.85, this results in "a lower advisory guideline range and/or a sentence closer to the bottom of the range." *Id.* at PageID.262. This is incorrect for several reasons.

First, Defendant fails to demonstrate that her sentencing range was lowered by the Sentencing Commission or that it has been made retroactive. Second, at sentencing, this Court determined Defendant was responsible for a loss amount exceeding $550,000. *See* ECF No. 32; U.S.S.G. § 2B1.1(b)(1). Even after her restitution decreased, her loss amount still exceeds $550,000; thus, her sentencing range would remain the same. Finally, this Court sentenced Defendant to a sentence three months *below* the guideline range of 27–33 months. ECF Nos. 27; 32. Therefore, she already received the benefit of being sentenced "closer to the bottom of the range." ECF No. 34 at PageID.262.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's motion for judicial recommendation home confinement, ECF No. 33, is **DENIED**.

It is **FURTHER ORDERED** that Defendant's motion for sentence reduction, ECF No. 34, is **DENIED**.

It is **FURTHER ORDERED** that Defendant's motion to reduce prison sentence to home confinement, ECF No. 41, is **DENIED**.

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 30, 2026